IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00379-BNB

CLAY ALEXANDER,

Plaintiff,

v.

MARY MULLARKEY, as Chief Justice for Colorado Supreme Court,

Defendant.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 25 2009

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

Plaintiff Clay Alexander is a prisoner in the custody of the Colorado Department of Corrections at the Colorado Correctional Center in Golden, Colorado. Mr. Alexander has filed *pro se* a Prisoner Complaint pursuant to 42 U.S.C. § 1983 alleging that his rights under the United States Constitution have been violated.

Mr. Alexander has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Pursuant to § 1915(e)(2)(B)(i), the Court must dismiss the complaint at any time if the claims asserted are frivolous. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). For the reasons stated below, the Court will dismiss the complaint and the action as legally frivolous.

The Court must construe the complaint liberally because Mr. Alexander is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall*

*v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not be an advocate for a *pro se* litigant. *See id.*

Mr. Alexander alleges that he was convicted of aggravated robbery in the El Paso County District Court and that he was sentenced to fourteen years in prison pursuant to a plea agreement. He further alleges that he was convicted in violation of his constitutional rights. Mr. Alexander asserts that he has raised his constitutional claims challenging his conviction in a state court postconviction motion pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure. He further asserts that the trial court summarily denied the Rule 35(c) motion. On July 10, 2008, the Colorado Court of Appeals affirmed the denial of the Rule 35(c) motion. Mr. Alexander contends that he currently is attempting to file a petition for writ of certiorari in the Colorado Supreme Court in the postconviction proceedings and that the Colorado Supreme Court has denied his motion for appointment of counsel.

Mr. Alexander claims in this action that his constitutional right of access to the courts has been violated and that he is being denied meaningful review of his conviction in the state court postconviction proceedings. The named Defendant is Chief Justice Mary Mullarkey of the Colorado Supreme Court. The relief Mr. Alexander requests is an injunction directing Chief Justice Mullarkey to stop denying Mr. Alexander his right to

2

counsel or, in the alternative, a declaration that Mr. Alexander has satisfied the exhaustion requirement in anticipation of filing an application for writ of habeas corpus in federal court.

As noted above, Mr. Alexander asserts his claims in this action pursuant to 42 U.S.C. § 1983. In order to state a claim under § 1983, Mr. Alexander must allege that Chief Justice Mullarkey violated his rights under the Constitution and laws of the United States while acting under color of state law. *See Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 150 (1970). The Court finds that Mr. Alexander's claims are legally frivolous because he fails to allege facts that support an arguable constitutional claim.

The fundamental flaw with the constitutional claims Mr. Alexander asserts in his complaint is that there is no federal constitutional right to postconviction review in the state courts. *See Pennsylvania v. Finley*, 481 U.S. 551, 557 (1987). "States have no obligation to provide this avenue of relief, and when they do, the fundamental fairness mandated by the Due Process Clause does not require that the State supply a lawyer as well." *Id.* (citation omitted). Therefore, Mr. Alexander cannot assert an arguable claim pursuant to § 1983 based on alleged violations of his constitutional rights in state court postconviction proceedings.

Even if Mr. Alexander could assert a constitutional claim arising out of the state court postconviction proceedings, the facts he alleges do not support an arguable claim that his constitutional right of access to the courts has been violated. "[T]he fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing

prisoners with adequate law libraries or adequate assistance from persons trained in the law." ***Bounds v. Smith***, 430 U.S. 817, 828 (1977). However, the right of access to the courts extends only as far as protecting an inmate's ability to prepare initial pleadings in a civil rights action regarding his or her current confinement or in an application for a writ of habeas corpus. *See **Wolff v. McDonnell***, 418 U.S. 539, 576 (1974); ***Carper v. DeLand***, 54 F.3d 613, 617 (10th Cir. 1995). Furthermore, a prisoner claiming a denial of access to the courts must allege some actual injury in his ability to pursue a nonfrivolous legal claim. *See **Lewis v. Casey***, 518 U.S. 343, 349-55 (1996); ***Penrod v. Zavaras***, 94 F.3d 1399, 1403 (10th Cir. 1996) (per curiam).

Mr. Alexander's access to the courts claim lacks merit because he does not allege any actual injury in connection with the preparation of an initial pleading raising a nonfrivolous legal claim in a civil rights action regarding his current confinement or in an application for a writ of habeas corpus. *See **Lewis***, 518 U.S. at 349-55. The simple fact that the Colorado Supreme Court denied Mr. Alexander's motion for appointment of counsel certainly is not sufficient to support an arguable constitutional claim against Chief Justice Mullarkey. Therefore, the Court finds that Mr. Alexander's fundamental constitutional right of access to the courts has not been violated.

Finally, the Court briefly will address Mr. Alexander's alternative request for relief. As noted above, the alternative relief Mr. Alexander seeks is a declaration that he has exhausted state remedies in order to file an application for writ of habeas corpus in federal court. The alternative request for declaratory relief will be denied. "It is fundamental that federal courts do not render advisory opinions and that they are

4

limited to deciding issues in actual cases and controversies." ***Norvell v. Sangre de Cristo Dev. Co.***, 519 F.2d 370, 375 (10th Cir. 1975). Accordingly, it is

ORDERED that the complaint and the action are dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

DATED at Denver, Colorado, this 25 day of March, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-00379-BNB

Clay Alexander
Prisoner No. 120423
Colorado Corr. Center
PO Box 4020
Golden, CO 80401

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 3/25/09

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk